## BLEVINS v. HORNSBY.

### No. 8417.

Court of Civil Appeals of Texas. San Antonio.
April 16, 1930.

Oliver W. Johnson, of San Antonio, for appellant.

R. A. Campbell and T. B. Monroe, both of San Antonio, for appellee.

FLY, C. J.

Appellee applied for a writ of habeas corpus to compel appellant, his former wife, to produce their minor children Tommie Marie Hornsby and Raymond W. Hornsby in court, and that he be awarded the custody of said children. The children were awarded to the custody of appellee.

■ The findings of fact are correct on all material matters. The evidence showed that the parties had been divorced in November, 1928, and appellant had been awarded the custody of the children, a girl about five at that time, and a boy about two years of age. Before and since the divorce, appellant has lived in open adultery with a married man named Blevins. She persisted in her shameful course over the protests of her mother. The latter persuaded her to go with her to California, but she received a return ticket from Blevins within a week after reaching her mother's home in California and returned to live with him. She had the children with her in the house in which she lived with Curley, or Kirby, Blevins. It is apparent that the shameless unlawful conduct of appellant was not known to the court when the children were awarded to her in 1928. A good character was shown by appellee and the court properly took the children from the custody of the mother, living as she did in open violation of law and morals, and awarded their custody to the father who was not only desirous, but able to properly support and maintain his children. The finding of the court that appellee visited his children was immaterial, and could not affect the award, which was called for by the demands of decency and the welfare of the children.

■ If a certain finding of fact, or all the findings of fact, were not supported by the facts, that would not be a fundamental error, as it would require an investigation of the facts to discover it. The facts in this case are ample to sustain the judgment of the court.

■ We cannot accept the theory advanced by appellant, that, because the custody of children has at some time been awarded to a criminal and unworthy mother, the children must remain in her custody to be reared in an atmosphere of lawlessness and corruption, unless it can be shown that the mother is worse than when the children were awarded to her.

There was ample testimony to show that appellant lived for months in a state of adultery with Curley or Kirby Blevins, besides the testimony of her mother in regard to a conversation with Blevins. The testimony tended to show that appellant heard his admissions.

None of the bills of exception had any basis in law or fact, and the court did not err in refusing to allow immaterial and irrelevant matter to be admitted in evidence. Propositions two, three, and four are without merit and are overruled.

■ This court has leniently discussed some of the unwarranted propositions in this record, which have no foundation whatever, for the obvious reason that no assignments of error have been copied into the transcript, and no fundamental error appears from a scrutiny of the record. It was probably the intention that the propositions should be con-

sidered assignments of error, but they are not in the form of assignments of error.

The judgment is affirmed.